**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 23, 2019[*]
Decided April 26, 2019

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

Nos. 18-2375 & 18-2963

| | |
|---|---|
| ELENA STEPHENS, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District |
| | of Illinois, Eastern Division. |
| *v.* | No. 17 C 7393 |
| BAKER & McKENZIE LLP, | Rebecca R. Pallmeyer, |
| *Defendant-Appellee*. | *Judge*. |

**O R D E R**

Elena Stephens sued Baker & McKenzie LLP, where she previously worked as a paralegal, alleging that the firm violated her right to be free from discrimination based on her age, sex, and national origin. *See* 29 U.S.C. § 621–34; 42 U.S.C. §§ 1981, 2000e to 2000e-17. To avoid answering discovery, Stephens asked the district court to dismiss her suit, which it did. Baker & McKenzie then filed two motions. One asked the court to strike a recent filing from Stephens that the law firm found defamatory; the other

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

sought an award of attorneys' fees. The court granted both motions, and Stephens appeals those two orders. Because Stephens did not appeal the district court's earlier decision granting her request to dismiss her suit, we do not review that decision, but the other two orders were reasonable, so we affirm them.

Stephens worked at Baker & McKenzie for about a year, ending in 2017. She alleges that in that time she was sexually harassed and mocked because of her Russian heritage and accent, and that once she reported these incidents, Baker & McKenzie fired her. After she left the firm, she emailed from a personal account (using a confidential listserv of Baker & McKenzie employees worldwide) a message criticizing her supervisors. She later filed this suit, seeking compensatory, emotional, and punitive damages totaling over $200 million.

Contentious discovery followed. Stephens repeatedly refused to comply with requests regarding two contested issues. The first issue concerned how she acquired Baker & McKenzie's confidential listserv. Baker & McKenzie asked Stephens to supply copies of emails that she had forwarded from her Baker & McKenzie account or lend her computer to the firm so that it could explore the matter. The second issue was damages. Stephens ignored three demands that she account for her asserted damages, prompting the court to tell her that her exorbitant request entitled Baker & McKenzie to information about the basis for it. The court gave Stephens two options: produce records about therapy that she said she sought after the alleged harassment and discrimination or reduce her demand to "garden-variety" damages under $100,000. The court gave Stephens four weeks to comply.

Stephens refused to comply with these requests, which led to the voluntary dismissal of her suit. She did not supply copies of emails that she had forwarded from her Baker & McKenzie email account or furnish her computer to the firm. And though she stated that she now sought only "garden-variety" damages, she *increased* her demand without providing supporting records or her therapists' names. Baker & McKenzie moved to compel responses. At the hearing, Stephens orally responded to the motion. (The court did not consider her written response.) She said that she did not have the email information and, regarding her damages request, that "Baker[ & McKenzie]'s revenue is 2 billion dollars, so they need to feel the pain for wrongdoing." The court granted the motion to compel. It ruled that whether Stephens had used a confidential listserv for personal reasons was relevant to Baker & McKenzie's defense, so it ordered Stephens either to explain how she acquired the list or surrender her computer so the firm could investigate. The court also explained that Stephens's request

for "millions and millions of dollars" was "under no circumstances … garden-variety," and that her claim "open[ed] the door for discovery about how deep [her] distress truly was." If Stephens refused to cooperate, the court continued, it would dismiss Stephens's case for failing to comply with discovery. Stephens responded that she did "not want [Baker & McKenzie] to have access to [her] computer," so she asked to withdraw her case. Granting that request, the court dismissed with prejudice. *See* FED. R. CIV. P. 41(a)(2) (empowering district courts to dismiss suits a plaintiff seeks to dismiss "on terms that the court considers proper"); *see also Ratkovich v. Smith Kline*, 951 F.2d 155, 157–58 (7th Cir. 1991).

Later that day, Baker & McKenzie filed two motions: one to strike Stephens's written response to the firm's motion to compel (because it contained defamatory assertions) and another for attorneys' fees as a sanction for Stephens's discovery abuse. The court granted the first motion the day after dismissal, explaining that Baker & McKenzie had no meaningful chance to rebut Stephens's written response because she had voluntarily dismissed her case. Three months later, the court granted the firm's motion for attorneys' fees. It ruled that, although Stephens was "capable of making detailed and specific comments to Defendant's fee petition," she had not done so. The court, therefore, was "not inclined to engage in a line-by-line review of the fee petition," and awarded Baker & McKenzie $35,445.

Stephens has filed two notices of appeal, and our first task is to determine their scope. The first notice timely challenges the decision "entered … on May 24, 2018" (granting Baker & McKenzie's motion to strike the day after the case's dismissal). The other, filed three months later, contests the ruling "entered … on August 15, 2018" (granting Baker & McKenzie's fee petition). We consolidated the appeals. In her brief, Stephens argues that these two decisions are wrong. She also contends that, though she asked for a voluntary dismissal, the court wrongly dismissed the suit with prejudice.

Stephens's first notice of appeal—the only one that could have timely appealed the dismissal of the suit—does not properly challenge that dismissal. *See* FED. R. APP. P. 3(c)(1), 4(a)(1)(A); *Nocula v. UGS Corp.*, 520 F.3d 719, 724 (7th Cir. 2008). Notices of appeal must identify the judgment to be reviewed. FED. R. APP. P. 3(c)(1); *JPMorgan Chase Bank, N.A. v. Asia Pulp & Paper Co.*, 707 F.3d 853, 861–62 (7th Cir. 2013). Stephens's notice failed to refer to the order dismissing her case. This omission might not be fatal if we could infer from her notice an intent to appeal that order. *See Lowe v. McGraw-Hill Cos.*, 361 F.3d 335, 339–40 (7th Cir. 2004) (inferring intent to appeal final judgment where the notice named an order issued before judgment but subsumed within the final

judgment); *Badger Pharmacal, Inc. v. Colgate-Palmolive Co.*, 1 F.3d 621, 626 (7th Cir. 1993) (inferring intent to appeal final judgment where the notice dated the judgment incorrectly but described an intent to appeal the order "granting defendants judgment [and] dismissing plaintiff's complaint"). But Stephens's notice identifies only an order that dealt with an issue *collateral* to and entered *after* the dismissal—whether her response to the motion to compel contained irrelevant allegations that defamed Baker & McKenzie. So we may not infer that Stephens also meant to appeal the merits of the judgment dismissing her case.

We turn to the order granting the motion to strike. Baker & McKenzie argues that Stephens's challenge is moot because the district court granted it after Stephens withdrew her case. *See Already, LLC, v. Nike, Inc.,* 568 U.S. 85, 91 (2013) (discussing mootness). But we have recognized an ongoing public interest in access to some court filings, so we may consider the argument that the district court should not have stricken Stephens's filing. *See City of Greenville, Ill. v. Syngenta Crop Protection, LLC,* 764 F.3d 695, 697–98 (7th Cir. 2014). Nonetheless, district courts have broad discretion to strike filings that may contain defamatory or irrelevant assertions. *See* FED. R. CIV. P. 12(f); *Delta Consulting Grp. v. R. Randle Const.*, 554 F.3d 1133, 1141–42 (7th Cir. 2009); *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664–65 (7th Cir. 1992). The court reasonably saw no relevance in preserving a filing that Stephens submitted in support of the case that she voluntarily abandoned, that the court did not even consider, and that Baker & McKenzie found defamatory. *See Greenville*, 764 F.3d at 697–98.

That brings us to the district court's decision to grant Baker & McKenzie's petition for attorneys' fees as a sanction for Stephens's refusal to comply with discovery. We review discovery sanctions for abuse of discretion and uphold the district court's decision if it is reasonable. *See James v. Hyatt Regency Chi.*, 707 F.3d 775, 784–85 (7th Cir. 2013). And we see no abuse. Any litigant who disobeys a district court's discovery order must pay "reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C), *see also* FED. R. CIV. P. 37(a)(5)(A); *Cooke v. Jackson Nat'l Life Ins. Co.*, 919 F.3d 1024, 1029 (7th Cir. 2019); *James*, 707 F.3d at 784–85. Stephens repeatedly and without any justification refused to obey the court's orders to produce discovery relevant to her claim and Baker & McKenzie's defense. She ultimately withdrew her case only to avoid complying. The award, therefore, was not unreasonable or unjust.

AFFIRMED